CRICHTON, J.,
dissents and assigns reasons.
hi respectfully dtósent from-the-majority’s finding that plaintiffs are entitled to a new trial in this case. Although the majority finds that there is sufficient evidence in the record establishing that the trial judge’s actions during the jury trial of this matter resulted in a miscarriage of justice, in my view, the trial record is devoid of any specific evidence documenting the trial judge’s alleged behavior. Counsel for both parties conceded that they personally did not witness much of the alleged behavior, as it was “behind” them in a large courtroom. As a result, the only “evidence” presented at the post-verdict motion hearing is set forth by the jury foreperson in her arguably, inadmissible affidavit[1] and the self-serving testimony of one of the plaintiffs. Plaintiffs’ counsel has.also offered little explanation as to why he did not- issue subpoenas or compel testimony of others who were in the courtroom during trial to testify regarding the judge’s behavior (such as thé bailiff, deputy clerk of court, -court reporter, or even Judge Ellender), when: the trial judge’s alleged actions are paramount to the plaintiffs’ claims of prejudice | ¿resulting .from his behavior. Consequently, in.my view, there is insufficient evidence to warrant a second bite at the apple.[2]
*123 Despite the scant evidence to actually prove judicial misconduct in this case, it is important to emphasize the gravity of such allegations against the trial judge. The judiciary is charged with the duty of “upholding the integrity and independence of the judiciary,” which requires that a judge “personally observe!,] the high standards of conduct so that the integrity and independence of the judiciary may be preserved.” Code of Judicial Conduct, Canon 1(A). A judge shall also “maintain order and decorum in judicial proceedings.” Code of Judicial Conduct Canon 3(A)(2). See also State ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361, 376 (1887) (“[a]ll those who minister in the temple of justice, from the highest to the lowest, should be above reproach and suspicion. None should serve at its altar whose conduct is at variance with his obligations.”). The conduct of the trial judge in this case, as alleged or imagined by the plaintiffs, is in direct violation of a judge’s most sacred charge — to maintain decorum and preserve the integrity and independence of the judiciary. I do not look upon a violation such as this lightly, particularly when, as in this case, it is not a first-time offense.[3] However, and though the cumulative effect of Judge Ellender’s conduct is troublesome, I fear that this judge’s institutional history of untoward behavior has perhaps influenced the majority’s decision today, which should instead be focused on the evidence presented in this record in this case. In my view, the unsupported allegations of improper conduct in this instance do not warrant the reversal of a jury verdict and remand for a new trial.

. As Justice .Weimer observes in note 3 of his dissent, the presence of this affidavit in the récord is curious and likely improper. It was not officially admitted into evidence, but was attached to a supplemental memorandum on the day of the hearing on the motion for new trial, and was not objected to by defense counsel, who stated at oral argument he was "asleep.” Although it Was later introduced at another hearing, defense counsel, apparently still "asleep,” again failed to object, mistaken.ly believing the affidavit was already in the record. Nevertheless, I find that La. C.E. art. 606(B) prohibits consideration of this affidavit.

. Furthermore, despite a jury .verdict already rendered in his favor, the doctor who is accused of malpractice must now sit through yet another trial, necessitating valuable time away from his patients and his profession.

. For examples of, previous unacceptable and obnoxious behavior for which this judge was disciplined, see In re Ellender, 09-0736 (La.7/1/09), 16 So.3d 351 and In Re Ellender, 04-2123 (La.12/13/04), 889 So.2d 225.